UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
COREY A. LATIMER, SR.,
          Plaintiff,         :

v.                              :

DOCCS COMMISSIONER ANTHONY   :
ANNUCCI, in his official and personal capacity; :
GREEN HAVEN CORRECTIONAL FACILITY :
SUPERINTENDENT MARK ROYCE, in his  :
official and personal capacity; GREEN HAVEN :
CORRECTIONAL FACILITY SERGEANT   :
ROSITA ROSSY, in her official and personal :
capacity; GREEN HAVEN CORRECTIONAL :
FACILITY SERGEANT DAVID MAZELLA, in :
his official and personal capacity; and DOCCS :
DIRECTOR INMATE GRIEVANCE      :
PROGRAM SHELLEY MALLOZZI, in her  :
official and personal capacity,        :
          Defendants.      :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/18/22

**<u>OPINION AND ORDER</u>**

21 CV 1275 (VB)

Copies Mailed/Faxed 4/18/22
Chambers of Vincent L. Briccetti

Briccetti, J.:

      Plaintiff Corey A. Latimer, Sr., proceeding <u>pro se</u> and <u>in forma pauperis</u>, brings this

Section 1983 action against defendants New York State Department of Corrections and

Community Supervision ("DOCCS") Commissioner Anthony Annucci ("Commissioner

Annucci"), Green Haven Correctional Facility ("Green Haven") Superintendent Mark Royce

("Superintendent Royce"), Green Haven Sergeant Rosita Rossy ("Sgt. Rossy"), Green Haven

Sergeant David Mazella ("Sgt. Mazella"), and DOCCS Inmate Grievance Program Director

Shelley Mallozzi ("Director Mallozzi"), each in their individual and official capacities. Liberally

construed, plaintiff alleges his constitutional rights were violated when Sgt. Rossy and Sgt.

Mazella confiscated his face mask on April 14, 2020, during the COVID-19 pandemic.

      Now pending is defendants' motion to dismiss the amended complaint. (Doc. #24).

For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

During the complained-of events, plaintiff was incarcerated at Green Haven in Stormville, New York.

Plaintiff alleges on April 14, 2020, Sgt. Rossy and Sgt. Mazella confiscated his face mask, which plaintiff wore as protection during the COVID-19 pandemic. (Doc. #20 ("Am. Compl.") ¶ 13).

According to plaintiff, he then filed a grievance challenging the confiscation and requesting a new mask. (Am. Compl. at ECF 11).[1] The grievance was denied. (Id.). The denial of the grievance stated plaintiff's mask was confiscated "[i]n accordance with Direction issued by" Commissioner Annucci that "inmates may utilize a state issued handkerchief as a face covering." (Id.). Plaintiff then appealed the grievance, which was acknowledged by Director Mallozzi. (Am. Compl. at ECF 13). The outcome of plaintiff's appeal is unclear.

Plaintiff alleges he tested positive for COVID-19 on July 19, 2020 (Am. Compl. ¶¶ 14–15; see id. at ECF 12), and was subsequently placed in isolation. (Id. ¶ 16).

---

[1]   "ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

Plaintiff alleges that "soon afterwards," Green Haven mandated all inmates wear face masks like the one confiscated from him.  (Am. Compl. ¶ 17).

## DISCUSSION

I.    Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[2]  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by

---

[2]    Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II.    Sovereign Immunity

Defendants argue plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment.

The Court agrees.

State officers sued in their official capacities are immune from suit under the Eleventh Amendment absent a state's consent or a congressional abrogation of state sovereign immunity. Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006). "New York has not waived its immunity, nor has Congress abrogated it." Feng Li v. Lorenzo, 712 F. App'x 21, 22 (2d Cir. 2017) (summary order).[3]

Here, defendants are DOCCS employees and, thus, state officials. The claims against them in their official capacities are therefore barred by the Eleventh Amendment. See, e.g.,

---

[3]    Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

Robinson v. Tillotson, 2018 WL 4682226, at *8 (S.D.N.Y. Sept. 27, 2018), appeal dismissed, 2019 WL 1938742 (2d Cir. Apr. 2, 2019).

Accordingly, the claims against all defendants in their official capacities must be dismissed.

III.     Lack of Personal Involvement

Defendants Commissioner Annucci, Superintendent Royce, and Director Mallozzi contend plaintiff has not alleged facts sufficient to show they were personally involved in the alleged constitutional violations.

The Court agrees with respect to Superintendent Royce and Director Mallozzi, but disagrees with respect to Commissioner Annucci.

To state a claim under Section 1983, a plaintiff must allege facts showing defendants' direct and personal involvement in the alleged constitutional deprivation. See Spavone v. N.Y.S. Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. See Tangreti v. Bachmann, 983 F.3d 609, 619–20 (2d Cir. 2020). Moreover, when "the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." Perkins v. City of New York, 2017 WL 1025987, at *2 (S.D.N.Y. Mar. 15, 2017).

Here, plaintiff alleges his constitutional rights were violated when his mask was confiscated. However, plaintiff does not allege Superintendent Royce or Director Mallozzi were

personally involved in confiscating his mask, were aware it was confiscated, or promulgated the policy pursuant to which the mask was confiscated. Plaintiff's submissions indicate Director Mallozzi acknowledged plaintiff's appeal of his grievance following the confiscation, but this acknowledgement is insufficient to allege personal involvement. See Williams v. Smith, 781 F.2d 319, 324 (2d Cir. 1986). Further, plaintiff does not mention Superintendent Royce in his complaint at all. Thus, plaintiff's claims against Superintendent Royce and Director Mallozzi must be dismissed for lack of personal involvement.

However, liberally construing plaintiff's submissions, plaintiff plausibly alleges Commissioner Annucci enacted the policy pursuant to which his mask was confiscated, rather than simply supervised the officers who enforced the policy or had some involvement in the inmate grievance process. See Stone #1 v. Annucci, 2021 WL 4463033, at *11 (S.D.N.Y. Sept. 28, 2021) (plaintiffs stated Section 1983 claim against senior DOCCS officials allegedly responsible for policies and practices that allegedly caused the sexual assault of incarcerated women). Thus, plaintiff plausibly alleges Commissioner Annucci's personal involvement in the alleged constitutional violations.

Accordingly, plaintiff's claims against Superintendent Royce and Director Mallozzi must be dismissed for lack of personal involvement.

IV.   Failure to State a Claim

Commissioner Annucci, Sgt. Rossy, and Sgt. Mazella argue plaintiff does not plausibly allege any constitutional claim against them.

The Court disagrees.

Liberally construed, plaintiff plausibly alleges Eighth Amendment conditions-of-confinement claims against Commissioner Annucci, Sgt. Rossy, and Sgt. Mazella.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  Courts have construed the Eighth Amendment to protect a prison inmate's right to "conditions of confinement" that are "at least humane."  Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001).

To state a conditions-of-confinement claim, a plaintiff must plausibly allege an objective and a subjective component.  Gaston v. Coughlin, 249 F.3d at 164.

To allege the objective component, a plaintiff "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health."  Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013).  "Thus, prison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions."  Id.

To allege the subjective component, a plaintiff must allege a "defendant acted with 'more than mere negligence.'"  Walker v. Schult, 717 F.3d at 125 (quoting Farmer v. Brennan, 511 U.S. 825, 835 (1994)).  "To constitute deliberate indifference, the prison official must know of, and disregard, an excessive risk to inmate health or safety."  Id.  A plaintiff may plausibly allege this component when he alleges "a risk was obvious or otherwise must have been known to a defendant."  See id.

Here, plaintiff plausibly alleges the confiscation of his face mask posed an unreasonable risk of serious damage to his health.  "It is undisputed—and, indeed, by now common knowledge—that COVID-19 is a highly dangerous disease that poses a significant risk of severe illness and death."  Gil-Cabrera v. Dep't of Corr., 2021 WL 5282620, at *4 (S.D.N.Y. Sept. 27, 2021), report and recommendation adopted, 2021 WL 5910055 (Dec. 14, 2021).  Further, plaintiff alleges that, after his mask was confiscated, he contracted COVID-19.  (Am. Compl.

¶ 24).  Moreover, plaintiff alleges that, after he contracted COVID-19, Green Haven mandated inmates wear masks like the one confiscated from him.  (Id. ¶ 17).

Plaintiff also plausibly alleges Commissioner Annucci, Sgt. Rossy, and Sgt. Mazella were deliberately indifferent to the risks of their conduct.  The Eighth Amendment imposes an "affirmative obligation" upon "correctional officials . . . to protect inmates from infectious disease."  Jolly v. Coughlin, 76 F.3d 468, 477 (2d Cir. 1996).  Plaintiff plausibly alleges the risks of taking away masks from prison inmates during the pandemic were clear to defendants given the "confined prison setting" (Am. Compl. ¶ 23), even in the early days of the pandemic.  Cf. Fernandez-Rodriguez v. Licon-Vitale, 470 F. Supp. 3d 323, 352–53 (S.D.N.Y. 2020) (detailing federal guidance issued from January to April 2020 regarding COVID-19 in prisons and concluding prison "[o]fficials certainly knew of the risk COVID-19 posed in a prison setting early on").

Accordingly, plaintiff has plausibly alleged conditions-of-confinement claims against Commissioner Annucci, Sgt. Rossy, and Sgt. Mazella.

## CONCLUSION

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

Defendants Commissioner Annucci, Sgt. Rossy, and Sgt. Mazella shall file an answer by May 2, 2022.

By separate Order, the Court will schedule an initial conference.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate defendants Green Haven Correctional Facility

Superintendent Mark Royce and DOCCS Director Inmate Grievance Program Shelley Mallozzi

from the docket, and to terminate the motion.  (Doc. #24).

Chambers will mail a copy of this Opinion and Order to plaintiff at the address on the

docket.

Dated: April 18, 2022
          White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge